UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**EMI NETWORK, INC,**                                                          **CASE NO. C-1-02-172**
      **PLAINTIFF**                                                             **(WEBER, J.)**
                                                                                              **(HOGAN, M.J.)**
   **VS.**

**MEDIA NETWORKS, INC.,**
      **DEFENDANT**

### ORDER

     Before the Court are Plaintiff's Motion to Compel (Doc. 30), Defendant's Memorandum in Opposition (Doc. 32) and Plaintiff's Reply (Doc. 40). For the reasons which follow, Plaintiff's Motion is granted in part and denied in part.

### BACKGROUND INFORMATION

     Both Plaintiff and Defendant serve clients who advertise in national magazines. Plaintiff, EMI, specializes creates ads known as "advertorials," which present factual information in a report format. Defendant, Media Networks, purchases and sells advertising space in various magazines and targets the ads to the audience its customer wishes to reach. The parties have done business with each other since 1993. The Amended Complaint asserts seven claims in the following order: (1) tortious interference with contract, (2) promissory estoppel, (3) unjust enrichment, (4) breach of fiduciary duty, (5) violation of Ohio's Deceptive Trade Practices Act, (6) violation of the Lanham Act, and (7) breach of contract. Putting the art of pleading aside, Plaintiff alleges generally that Defendant pirated Plaintiff's customers through a series of purposeful actions. Defendant, demonstrating that it is equally adept at the art of pleading, denies Plaintiff's allegations, interjects several affirmative defenses and counterclaims against Plaintiff, asserting the following claims: (a) breach of contract, (b) unjust enrichment, ©) action on account, (d) violation of the Lanham Act, (e) violation of Ohio's Deceptive Trade Practices Act. In short, Defendant asserts that Plaintiff misrepresented itself as formally

affiliated with Defendant and Plaintiff owes Defendant a lot of money for services rendered.

## THE DISCOVERY DISPUTE

On June 14, 2002, Plaintiff served its First Set of Requests for Production of Documents upon Defendant. Document Requests 25 and 27 are the disputed items. Document Request 25 seeks the production of "documents containing the names, addresses and phone numbers and job qualifications or titles of all Media Networks, Inc. employees who had contact with any EMI clients." Document Request 27 seeks the production of "the personnel file, exclusive of information related solely to matters of health or life insurance and tax forms, relating to each person in the documents requested in Document Requests 25 and 26 (the latter of which requested the production of documents identifying persons with knowledge of any fact asserted in the Amended Complaint, defenses or Counterclaim). Plaintiff asserts that Defendant has refused to provide the documents requested.

Plaintiff further states that an accord was reached by the parties in November, 2002. According to Plaintiff, Defendant proposed and Plaintiff agreed to a compromise in which Defendant was to produce a list of Defendant's employees who had contact with Plaintiff's clients identified in Document Request 3 and Defendant would provide background information for those employees instead of a complete personnel file. Plaintiff produces a letter from Defendant's counsel under date of November 22, 2002 to evidence the accord. (See Plaintiff's Exhibit D).

Also the subject of this discovery dispute is Defendant's response to Plaintiff's Interrogatories 8 and 9, served upon Defendant in June, 2002. Interrogatory 8 asks that Defendant "identify all documents responsive to any of Plaintiff's Document Requests that were destroyed, lost, erased, removed or deleted at any time in the past." Interrogatory 9 asks that Defendant identify any third party in possession, custody or control of any document responsive to any of Plaintiff's Document Requests and also identify the document or documents so possessed. Plaintiff represents that Defendant has refused to identify the documents as requested in Interrogatories 8 and 9.

Plaintiff relies upon Rule 37, Federal Rules of Civil Procedure; U.S. Supreme Court opinions in *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976) and *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991); *Patton v. Aerojet Ordinance Company*, 765 F.2d

604 (6th Cir. 1985); and a trial court decision in *Bratka v. Anheisher-Busch Co.*, 164 F.R.D. 448 (S.D. Ohio 1995).

     Defendant, after initially objecting to Document Requests 25 and 27 on the basis of scope and burden, admits that it "struck a bargain" with Plaintiff and agreed to identify current and former employees who had contact with Plaintiff's clients that are identified in Document Request 3. However, Defendant asserts that it agreed to furnish "specific background information, such as job titles and dates of employment, etc." and not (1) name, (2) address, (3) phone number, (4) job qualifications, (5) title, (6) total salary/compensation received from Media Networks in 2000, 2001 and 2002, (7) prior jobs at Media Networks, (8) jobs held prior to joining Media Networks and (9) educational background. Defendant asserts that Plaintiff's counsel unilaterally broadened "specific background information" to include more information than contemplated by Defendant's offer of compromise. In any event, Defendant has supplied the names and current addresses of 36 former and current employees, but has refused to supply other "background information" about any of them. The Court's task, as we see it, is to decide what information was reasonably contemplated by Defendant's offer to supply "specific background information, such as job titles and dates of employment, etc."

     Defendant objects to Interrogatories 9 and 10 on the basis that neither is limited on the basis of time. Defendant also objects on the basis that "the only responsive documents have been destroyed, lost or deleted" and that it cannot produce what is does not have.

## ANALYSIS

     Neither side has the correct approach in our opinion. The resolution of the dispute over Document Requests 25 and 27 requires us to decide what was a reasonable interpretation of the scope of the agreement struck by the parties after they initially disagreed. We agree with Plaintiff that "specific background information" includes more than name and current address. We also agree with Defendant that "specific background information" does not include job qualifications, jobs held prior to joining Media Networks, compensation received in any year or phone number. The phrase does encompass job title, educational background and prior jobs at media Network.

Therefore, Defendant must disclose the required information on or before March 15, 2004.

     Defendant has a point when it argues that Plaintiff's Interrogatories 9 and 10 are not

limited in time, but is also misses the point by arguing that it cannot produce what is does not have. Plaintiff's Interrogatories ask Defendant to "identify," not produce. While there may well be some degree of difficulty in making the identifications requested, Defendant should make its best effort to identify both the documents requested and the person or entity in present custody of those documents. However, the Amended Complaint suggests that the problems between the parties began in 1997, so the Interrogatory should be limited to events occurring in 1997 and thereafter.

Although Plaintiff requests sanctions, the Court finds that the settlement of the dispute regarding the Document Requests was, itself, ambiguous and that the Interrogatories 9 and 10 were overly broad as originally stated. However, Plaintiff was entitled to more of a response than it got to any of the disputed Document Requests and Interrogatories. We excuse Defendant only from the present operation of a sanction, not from the obligation to respond and respond without further delay.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel be granted in part and denied in part in accordance with this Order.


February 24, 2004                                     s/Timothy S. Hogan
                                                      Timothy S. Hogan
                                                      United States District court